Guo-Bang Chen v Caesar & Napoli, P.C. (2019 NY Slip Op 08166)





Guo-Bang Chen v Caesar & Napoli, P.C.


2019 NY Slip Op 08166


Decided on November 12, 2019


Appellate Division, Second Department


 



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ..


2018-00489
 (Index No. 710872/15)

[*1]Guo-Bang Chen, respondent,
v
Caesar and Napoli, P.C., et al., appellants, et al., defendant. 



DECISION & ORDER ON MOTION


Appeal from an order of the Supreme Court, Queens County, dated September 18, 2017. By order to show cause dated May 16, 2019, Mischel & Horn, P.C., Fixler and LaGattuta, LLP, and Sim & Record, LLP, were directed to show cause before this Court why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against them pursuant to 22 NYCRR 1250.2(c) as this Court may deem appropriate. Motion by the appellants to withdraw the appeal.
Now, upon the order to show cause and the papers filed in response thereto, and upon the papers filed in support of the appellants' motion, and no papers having been filed in opposition or in relation thereto, it is
ORDERED that the motion to impose sanctions is granted to the extent that Fixler & LaGattuta, LLP, trial counsel for the appellants, is directed to pay a sanction in the sum of $250 to the Lawyers' Fund for Client Protection of the State of New York, within 20 days of service upon it of a copy of this decision and order on motion, and the motion is otherwise denied; and it is further,
ORDERED that Fixler and LaGattuta, LLP, shall file proof of payment with the Clerk of this Court, within 10 days after payment of the sanction; and it is further,
ORDERED that the appellants' motion to withdraw the appeal is granted and the appeal is deemed withdrawn, without costs or disbursements; and it is further,
ORDERED that the Clerk of this Court, or her designee, is directed to serve counsel for the parties with a copy of this decision and order on motion, by regular mail.
With summons and complaint dated October 15, 2015, and filed on October 19, 2015, Guo-Bang Chen (hereinafter the respondent) commenced an action to recover damages for legal malpractice against Caesar and Napoli, P.C., James C. Napoli, Robert Stein, and Dennis Patrick Ryan (hereinafter the appellants), among others. In an order dated September 18, 2017, and entered on September 29, 2017, the Supreme Court, Queens County (Livote, J.), denied the appellants' motion, inter alia, for summary judgment dismissing the complaint. At all times relevant to the issues determined herein, the appellants were represented in the trial court by Fixler & LaGattuta, LLP (hereinafter the Fixler firm), and the respondent was represented by Sim & Record, LLP (hereinafter the Sim firm).
The appellants appealed to this Court from the order dated September 18, 2017. The appeal was perfected on the appellants' behalf by their appellate counsel, Mischel & Horn, P.C. (hereinafter the Mischel firm), on April 5, 2018. On April 27, 2018, the Sim firm filed a respondent's brief. The Mischel firm filed a reply brief on May 25, 2018. In both the main and reply briefs, the Mischel firm requested argument time; the Sim firm did not request oral argument.
The appeal was placed on this Court's calendar for March 29, 2019. As no one appeared to argue the appeal, it was marked submitted. On April 2, 2019, the Mischel firm mailed a letter to the Clerk of this Court, by regular mail, advising that the case had been settled and requesting that the appeal be withdrawn and removed from the calendar. After the Mischel firm was advised that it could not withdraw the appeal by letter, the appellants moved to deem the appeal withdrawn. By order to show cause dated May 16, 2019, the Fixler firm, the Sim firm, and the Mischel firm were directed to show cause before this Court why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against them pursuant to 22 NYCRR 1250.2(c) as this Court may deem appropriate, and the appellants' motion was held in abeyance in the interim.
On June 29, 2018, the Presiding Justices of the Appellate Division promulgated statewide Practice Rules of the Appellate Division (see 22 NYCRR part 1250). These rules became effective on September 17, 2018, and apply, with limited exceptions not relevant here, "to each matter pending in the Appellate Division" on that date (Joint Order of the Departments of the New York State Supreme Court, Appellate Division, dated June 29, 2018).
Section 1250.2(c) of the statewide Practice Rules of the Appellate Division provides, in pertinent part, that "[t]he parties or their attorneys shall immediately notify the court when there is a settlement of a matter or any issue therein or when a matter or any issue therein has been rendered moot . . . . Any such notification shall be followed by an application for appropriate relief. Any party or attorney who, without good cause shown, fails to comply with the requirements of this subdivision may be subject to the imposition of sanctions" (22 NYCRR 1250.2[c]).
This subdivision, by its plain language, imposes a continuing obligation on counsel to monitor the status of the case and to apprise the Appellate Division of certain developments that might affect a pending appeal (see 22 NYCRR 1250.2[c]). Although, pursuant to this section, only one attorney needs to notify the Court of the relevant developments, all of the attorneys are independently responsible for ensuring that a timely notification actually takes place (see 22 NYCRR 1250.2[c]). Where, as here, a timely notification is not given by any of the attorneys, they may each be held independently responsible and, absent a showing of good cause for the failure to ensure a timely notification, sanctioned for their respective conduct (see id; Bank of N.Y. Mellon v Smith, 176 AD3d 83).
Here, the record demonstrates that the underlying action was settled on March 1, 2019, as confirmed in an email exchange between the Fixler firm, representing the appellants, and the Sim firm, representing the respondent. In one of those emails, an attorney from the Sim firm expressed his understanding that the Fixler firm would, among other things, withdraw the appeal pending in this Court. By email of March 5, 2019, to the Sim firm, an attorney with the Fixler firm [*2]stated that he would advise the appellants and their appellate counsel of the settlement and direct them to withdraw the appeal. However, the Fixler firm did not advise the appellants' appellate counsel, the Mischel firm, of the settlement until March 26, 2019, at 4:55 p.m.
The Mischel firm, relying at the time exclusively upon its appellate printer for notification of the calendaring of the appeal, was unaware, on March 26, 2019, when notice of the settlement of the action was received, that the appeal had actually been calendared. The appellate printer concedes that, due to an error in entering information into its computerized court calendar tracking system, it failed to notify the Mischel firm that the appeal had been calendared. The appellate printer represents that this was the first time such an error had occurred in relation to the multitude of cases it has worked on with the Mischel firm since 1999. The Mischel firm likewise represents that this was the first time it had missed a calendar date in two decades of appellate practice.
Acting on the erroneous assumption that the appeal had not yet been calendared, the Mischel firm mailed a letter to this Court on Tuesday, April 2, 2019, advising this Court of the settlement and requesting withdrawal of the appeal. By letter dated April 9, 2019, this Court advised counsel that, because the appeal had already been on the calendar, a stipulation withdrawing the appeal and the approval of this Court would be required (see 22 NYCRR 670.2[a][3]).
When counsel in the underlying action reached a settlement on March 1, 2019, the settlement triggered their mutual obligations to "immediately notify" this Court (22 NYCRR 1250.2[c]). However, neither the Fixler firm nor the Sim firm ever notified this Court.
The Fixler firm, in its capacity as the appellants' trial counsel during the pendency of this appeal, had a continuing obligation either to advise this Court directly of the settlement or to ensure that its clients' appellate counsel, the Mischel firm, advised this Court of the settlement. It is undisputed that, on the very day of the settlement, the Sim firm expressed its understanding that the Fixler firm would take responsibility for securing the withdrawal of the appeal. Within a few days, the Fixler firm confirmed that it would notify its clients' appellate counsel of the settlement. However, despite this representation, the Fixler firm did not notify the Mischel firm of the settlement until three weeks later.
The Fixler firm asserts that it filed a stipulation of discontinuance with the Supreme Court, on March 29, 2019, after the settlement funds had cleared, and that this Court was notified of the settlement within two business days thereafter. The Fixler firm's contention that it could await the clearance of the settlement payment and the finalization of other paperwork before notifying this Court of the settlement is unavailing for several reasons.
We note that the Fixler firm committed in its March 5, 2019, email to notify the appellants' appellate counsel without expressing an intent to delay notification for any period of time or for any reason. More important, 22 NYCRR 1250.2(c) of the statewide Practice Rules of the Appellate Division requires that this Court be notified "immediately" when there has been a settlement of the matter. One of the primary purposes of section 1250.2(c) is to protect the Appellate Courts from spending time reviewing and analyzing matters that have been rendered academic (see Bank of N.Y. Mellon v Smith, 176 AD3d 83). Delayed notification defeats that purpose; providing notification benefits the Court, the Bar, and the public generally by enabling the Court to suspend its review of an appeal that will become academic. There is no adverse impact to the parties and counsel on such an appeal as consideration of the appeal may be readily resumed should the settlement not be implemented.
Precisely in order to alert counsel that their obligation to give immediate notification of a settlement may not be postponed or delayed, this Court adopted its own local rule of practice which states that, for purposes of 22 NYCRR 1250.2(c), settlement includes "any oral or written agreement or understanding which may, once memorialized, render a determination of the cause unnecessary" (22 NYCRR 670.2[b]). This local rule took effect March 4, 2019, and is thus applicable to the case at hand.
In this case, members of this Court were caused to devote hours of preparation and deliberation on an appeal which, unbeknown to them, had been settled nearly one month earlier. Had this Court been timely advised of the settlement in this case, it could have avoided wasting judicial resources on a settled case and could have redirected those resources to one of the many actual controversies that fill its docket. Since the Fixler firm had an independent obligation to give this Court notice of the settlement and assured the Sim Firm that, as between the attorneys, the Fixler firm would assume responsibility for notification, the imposition of sanctions upon the Fixler firm in the sum of $250 is warranted.
While the Sim firm had its own independent obligation to immediately notify this Court of the settlement, we conclude, under the circumstances, that the Sim firm reasonably relied upon the Fixler firm's written commitment that the Fixler firm would discharge this obligation on behalf of all counsel. Also, while the Mischel firm did not notify this Court immediately of the settlement, it did act with sufficient promptness that, under the circumstances, renders the imposition of sanctions unwarranted. Accordingly, no sanctions are imposed as against the Sim firm and the Mischel firm.
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court